18 MAG 2880                                    ORIGINAL

Approved: _____
          Dominic A. Gentile
          Assistant United States Attorney

Before:   HONORABLE HENRY B. PITMAN
          United States Magistrate Judge
          Southern District of New York

U.S. DISTRICT COURT FILED
APR 05 2018
S.D. OF N.Y.   DS

- - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA          :    **SEALED COMPLAINT**

          - v. -                   :    Violation of
                                        18 U.S.C. §§ 922(g)(1)
DESHAUN GREGORY,                   :    and 2

                    Defendant.     :    COUNTY OF OFFENSE:
                                        BRONX

- - - - - - - - - - - - - - - - - - X

SOUTHERN DISTRICT OF NEW YORK, ss.:

        JAMA JOSEPH, being duly sworn, deposes and says that he
is a Detective with the New York City Police Department ("NYPD"),
and charges as follows:

**COUNT ONE**
(Felon in Possession)

        1.    On or about March 8, 2018, in the Southern District of
New York and elsewhere, DESHAUN GREGORY, the defendant, after
having been convicted in a court of a crime punishable by
imprisonment for a term exceeding one year, knowingly did
possess in and affecting commerce, a firearm, to wit, a .40
caliber semiautomatic pistol, manufactured by Glock, which had
previously been shipped and transported in interstate and
foreign commerce.

        (Title 18, United States Code, Sections 922(g)(1) and 2.)

        The bases for my knowledge and for the foregoing charges
are, in part, as follows:

        2.    I am a Detective assigned to the Firearms Suppression
Section of the NYPD, and I have been personally involved in the
investigation of this matter.  This affidavit is based upon my
personal participation in the investigation of this matter, my

conversations with law enforcement agents, witnesses and others, as well as my examination of reports and records.  Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

3.    Based on my review of records and reports and my conversations with two NYPD officers ("Officer-1" and "Officer-2," collectively, "the Officers"), among other things, I have learned the following:

a.    In or about February 2018, the Officers learned that there was an active warrant for the arrest of DESHAUN GREGORY, the defendant, and that GREGORY was wanted in connection with an investigation into an assault.

b.    On or about March 8, 2018, the Officers were on patrol in an unmarked police vehicle in Bronx County.  At approximately 6:45 p.m., the officers observed GREGORY standing opposite 2644 Marion Avenue, Bronx, New York engaged in a conversation with an unknown male.

c.    The Officers stopped their vehicle and Officer-1 approached GREGORY accompanied by other police officers while Officer-2 parked the auto a short distance away.

d.    As the Officers approached GREGORY, the unknown male walked away.  Officer-1 then placed GREGORY under arrest pursuant to the outstanding warrant.

e.    After placing GREGORY under arrest, Officer-1 searched GREGORY incident to arrest and recovered the loaded firearm pictured below from inside of GREGORY'S left interior jacket pocket (the "Firearm").



4.     Based on my review of, among other things, an NYPD lab report, I know that the Firearm is a Glock, Model 27, .40 caliber semiautomatic pistol that was tested and found to be operable.

5.     Based on my participation in this investigation, my conversations with other law enforcement officers, and my review of video recordings, I have learned, among other things, the following:

a. On or about March 8, 2018, in an audio and video recorded interview, DESHAUN GREGORY, the defendant, was advised of his Miranda rights and subsequently waived those rights. GREGORY stated, in substance and in part, that he purchased the Firearm from a friend for $300, and was carrying the Firearm for protection.

6.     Based on my participation in this investigation and my conversations with other law enforcement agents, I have learned, among other things, that the Firearm was not manufactured in the State of New York.

7.     As part of my investigation, I have reviewed criminal history records pertaining to DESHAUN GREGORY, the defendant,

which indicate that on or about February 9, 2016, GREGORY was convicted in Bronx County Supreme Court of first-degree reckless endangerment, in violation of New York Penal Law § 120.25, a Class D Felony.  That offense is punishable by more than one-year imprisonment.

WHEREFORE, the deponent respectfully requests that a warrant be issued for the arrest of DESHAUN GREGORY, the defendant, and that he be arrested and imprisoned, or bailed, as the case may be.

JAMA JOSEPH
Detective
New York City Police Department


Sworn to before me this ____ day of April, 2018

HONORABLE HENRY B. PITMAN
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK

4