UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/19/2024

UNITED STATES OF AMERICA,

-against-

DESHAUN GREGORY,

Defendant.

18-cr-315 (MKV)

ORDER

MARY KAY VYSKOCIL, United States District Judge:

On July 18, 2024, the Court held an Initial Conference regarding specifications of violation of supervised release ("VOSR") and a bail review hearing in this matter. Although the Court advised Mr. Gregory of his rights, a full arraignment was deferred in light of Probation's intention to revise the specifications.

For the reasons set forth in detail on the record, the Court issued an Order remanding Mr. Gregory to custody pending resolution of the VOSR. The government moved for Mr. Gregory's remand, pursuant to 18 U.S.C. § 3145(a)(1), and both sides agreed that the demanding standard for post-conviction release set forth in 18 U.S.C. § 3143(a)(1) governed the Court's *de novo* bail determination. Section 3143(a)(1) provides that the defendant "shall" be detained "unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released."

The Court determined that there was not clear and convincing evidence that Mr. Gregory is neither a flight risk, nor a danger to any person or the community. The Court cited numerous reasons on the record, including, with respect to flight, that Mr. Gregory had failed to report to Probation for months on end, prompting this Court to issue an arrest warrant in this matter; Mr. Gregory has previously been the subject of a bench warrant for failure to appear in state court; and there was a question whether Mr. Gregory was going to appear at the July 18, 2024 proceeding for

1

a period of thirty minutes after it was scheduled to begin.  With respect to danger, the Court cited Mr. Gregory's underlying conviction of being a felon in possession, which is a "crime of violence" for bail purposes.  *United States v. Dillard*, 214 F.3d 88 (2d Cir. 2000).  The Court also noted that Mr. Gregory has been arrested multiple times during his period of supervision for that conviction, including a charge for throwing a glass bottle at a police officer.  In addition, the government represented that Mr. Gregory has a history of domestic violence and is subject to a lifetime order of protection against one victim.

Turning to the VOSR proceedings, as discussed on the record, IT IS HEREBY ORDERED that Probation will submit the revised specifications by July 25, 2024.

IT IS FURTHER ORDERED that, as the parties agreed on the record on July 18, 2024, the Court will hold the arraignment and evidentiary hearing on the revised specifications on August 19, 2024 at 2:00 p.m. in Courtroom 18C of 500 Pearl Street, New York, NY 10007.

IT IS FURTHER ORDERED that by August 1, 2024, the parties shall file a joint letter informing the Court whether Mr. Gregory waives a preliminary hearing, pursuant to Federal Rule of Criminal Procedure 32.1(b)(1), or whether there is any reason the Court cannot conduct both that preliminary hearing and the evidentiary hearing, pursuant to Rule 32.1(b)(2), at the same time on August 19, 2024.  IT IS FURTHER ORDERED that the parties shall submit any evidentiary motions, witness lists, exhibit lists, and 3500 material by August 8, 2024.

**SO ORDERED.**

Date:  **July 19, 2024**
     **New York, NY**

**MARY KAY VYSKOCIL**
**United States District Judge**

2